BRADLEY, Judge.
This appeal arises out of the denial of military leave by the Alabama Board of Corrections.
Billy Ray Jackson was employed by the Alabama Board of Corrections as a Correctional Counselor I. He worked five days a week with two days off. During all times pertinent to this appeal his five-day work week included Saturday and Sunday.
Jackson is a member of a military reserve unit which requires one weekend a month of training as well as two weeks of training during the summer.
In May of 1979 Jackson made a written request for eleven days of military leave from his job. This request was granted. He later made oral requests for military leave during his weekend training sessions. These requests were denied on the grounds that military leave under Code 1975, § 31-2-13 did not include weekend training sessions.
As a result, Jackson filed suit against Robert Britton and nine others contending that he was entitled to twenty-one days of military leave. Five of these defendants were granted a summary judgment.
The other defendants also filed a motion for summary judgment. Jackson filed an affidavit opposing this motion which was treated as a motion for summary judgment by the trial court. On May 2,1981 the trial court entered an interim order granting Jackson’s motion.
The parties stipulated the days on which Jackson was denied military leave. On June 22,1981 after holding a hearing on the merits, the trial court entered a final order holding that the plaintiff was entitled to twenty-one days of military leave a year, and awarding Jackson back pay in the sum of $1,322.60. As a result of this ruling defendants have appealed to this court.
Code 1975, § 31-2-13 provides the following:
(a) Military leave of absence. — All officers and employees of the state of Alabama, or of any county, municipality or other agency or political subdivision thereof ... who shall be active members of the Alabama national guard, naval militia or the Alabama state guard organized in lieu of the national guard, or of any other reserve component of the armed forces of the United States, shall be entitled to military leave of absence from their respective civil duties and occupations on all days that they shall be engaged in field or coast defense or other training or on other service ordered under the provisions of the National Defense Act, or of the federal laws governing the United States reserves, without loss of pay, time, efficiency rating, annual vacation or sick leave, but no such person granted such leave of absence with pay shall be paid for more than 21 working days per calendar year .... [Emphasis added.]
Section 31-2-13 provides for “other training” as well as for “field or coast defense” training. We have not been given any valid reason why “other training” does not include so-called “weekend drills” when such training sessions are just as important as the extended summer training sessions. A member of the National Guard or Military Reserves cannot remain a member of those organizations unless he or she participates in a certain number of weekend training sessions each year.
The obvious intent of the legislature clearly is to encourage state employees to join military units. The statute provides twenty-one days of military leave regardless of vacation or sick time. If the legislature had not intended for weekend training *968 to be included, the statute could have easily so stated. See generally City of Birmingham v. Hendrix, 257 Ala. 300, 58 So.2d 626 (1952).
We, therefore, conclude that weekend training drills are included within the meaning of § 31-2-13 and a state employee who attends a weekend training session which occurs during his normal work week is entitled to leave with pay up to a total of twenty-one days.
Appellant also argues that to permit Jackson to be paid for weekend drills that occur during his normal work week unfairly penalizes those employees who do not work on weekends and thereby can claim no pay for their weekend drills. We disagree.
The majority of state, county, and municipal employees are not required to work on the weekends as a part of their regular duties. Jackson is in the minority of employees required to work on weekends as a part of their regular duties. Nevertheless, we can perceive of no substantial prejudice to those employees who are not required to work on weekends, because they are still eligible to receive twenty-one days of military leave should they wish to engage in military training sessions during their regular work week. If there is any prejudice, it would be against Jackson because due to his unusual regular work schedule he will be required to use part of his twenty-one days for weekend drills, whereas the employee who is not required to work on weekends can use his twenty-one days in other types of military training.
We, therefore, find that Jackson should be allowed to take twenty-one days of paid military leave regardless of whether it is for weekend training. The judgment below is affirmed.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.